FILED
2007 MAY 22 AM 11: 22
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER CAMPBELL, | PLAINTIFF |
| VS. | CIVIL ACTION NO: 3 07 0558 |
| PROMETHEUS LABORATORIES, INC. | DEFENDANT |

**JUDGE ECHOLS**

## COMPLAINT

COMES NOW the Plaintiff, Jennifer Campbell, by and through counsel and files this action to recover actual and liquidated damages and sanctions for violation of the American with Disabilities Act; and for violation of the California Fair Employment and Housing Act; and for Breach of Contract, and in support thereof would state as follows; to-wit:

### PARTIES:

#### I.

Plaintiff, Jennifer Campbell, is an adult resident citizen of Gallatin, Davidson County, Tennessee

#### II.

Defendant, Prometheus Laboratories, Inc., is a foreign corporation not authorized to do business in the State of Tennessee which may be served with process by serving its registered agent for service of process, Michael V. Swanson, 9410 Carroll Park Drive, San Diego, CA 92121.

## JURISDICTION AND VENUE

### III.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, for a cause of action arising under the Americans with Disabilities Act and based on diversity of citizenship pursuant to 28 U.S.C. § 1228.

## FACTS
### IV.

Plaintiff has filed the EEOC charge attached hereto as Exhibit "A," and has received the right-to-sue letter attached hereto as Exhibit "B."

### V.

Plaintiff has filed the California Fair Employment and Housing Department charge attached hereto as Exhibit "C," and has received the right-to-sue letter attached hereto as Exhibit "D."

### VI.

Plaintiff was employed by the Defendant on or about February 21, 2006 and was discharged on October 2, 2006.

### VII.

Defendant through its Human Resources Department made the determination to terminate Plaintiff in San Diego, California. The employment contract stipulated that:

*"This agreement will be governed by and construed according to the laws of the State of California, as such laws are applied to agreements extended into and to be performed entirely within California between California residents*

## VIII.

At all relevant times, Plaintiff was a "disabled" individual or perceived to be disabled, within the meaning of the Americans with Disabilities Act and/or the California Fair Employment and Housing Act. Specifically, Plaintiff suffers from a seizure disorder, which causes her to have seizure episodes and which have prevented her from driving a car for periods of time, including six (6) months from July, 2006 to January, 2007

## IX.

Plaintiff had worked for the Defendant for seven (7) months as an excellent employee During that time, it was demonstrated that Plaintiff could work despite her disability, and it was demonstrated that Defendant could accommodate her disability by allowing Plaintiff's husband to drive her to and from sales calls in his own personal vehicle. This does not substantially interfere with Plaintiff's work performance. The Defendant could carry out its business, despite Plaintiff's inability to drive until after not having a major seizure for a period of six months

## X.

Plaintiff only had one episode of major seizures during the seven and one-half

months (7 ½ ) she was employed by the Defendant

### XI.

During the first two weeks of August, 2006, Plaintiff's husband, Jeremy Campbell, drove her to her accounts to make her sales calls.

During another period of time, employee trainees of the Defendant drove her to her sales calls while she was training them for the Defendant.

### XII.

The Plaintiff remained willing and able to work with this accommodation until she could drive again, but the Defendant informed the Plaintiff she was fired due to her disability. (See the a letter dated August 7, 2006 which was delivered both by Federal Express and via E-mail attached hereto as Exhibit "E" and a copy of a Letter Dated October 2, 2006 attached hereto as Exhibit "F".)

### XIII.

Defendant could have reasonably accommodated Plaintiff's seizure disorder without enduring hardship by allowing her husband to drive her during the period while she was medically unable to drive due to her seizure disorder.

## XIV.

The real reason for Plaintiff's discharge was:

A.  Plaintiff's disability;

B.  Plaintiff's history of having a disability due to her seizure disorder; and

C.  Defendant's perception that Plaintiff's seizure disorder was a disability which prohibits her from working and/or driving.

## XV.

Plaintiff's discharge, therefore, violated the Americans with Disabilities act and/or the California Fair Employment and Housing Act.

## XVI.

Besides violating the Americans with Disabilities Act and/or the California Fair Employment and Housing Act, the Plaintiff's discharge by the Defendant was in violation of her contract. Plaintiff was entitled, pursuant to her contract, to a bonus of an additional $34,000.00 for the last quarter and the year. (See Employment Contract attached hereto as Exhibit "G"

## XVII.

The actions of the Defendant entitle the Plaintiff to punitive damages; past, present and future

## XVII.

Plaintiff has suffered lost income and substantial mental anxiety and stress. Furthermore, Plaintiff is entitled to liquidated damages, as well as attorney's fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for actual, compensatory, and liquidated damages in an amount to be determined at the trial of this matter, for punitive damages, front pay, back pay, and unpaid bonuses, and for reinstatement with reasonable accommodation and for reasonable attorneys' fees, and for any other such relief as the Court may deem proper.

**PLAINTIFF DEMANDS A JURY TO TRY THE ISSUES WHEN JOINED.**

Respectfully submitted,

GILDER, HOWELL & ASSOCIATES, P.A.

By: _____
Heidi S. Milam, #16283
Attorney for Plaintiff
P.O. Box 193
Southaven, MS 38671
662-349-2092

By: _____
Jamie W. Howell, Jr., #16361
Attorney for Plaintiff
P.O. Box 193
Southaven, MS 38671
662-349-2092

By: _____
Jefferson D. Gilder, #14321
Attorney for Plaintiff
P.O. Box 193
Southaven, MS 38671
662-349-2092