**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JENNIFER CAMPBELL,

      PLAINTIFF

VS.                                Case No.:      3:07-CV-0558
                                                    Judge Echols

PROMETHEUS LABORATORIES, INC.          **"JURY DEMAND"**

      DEFENDANT

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S MOTION TO DISMISS**
**<u>FOR FAILURE TO STATE A CLAIM</u>**

COMES NOW the Plaintiff, Jennifer Campbell, by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and hereby submits her Memorandum in Support of her Response to Defendant's Motion to Dismiss for Failure to State a Claim. For the reasons set forth below, Plaintiff respectfully submits, that the motion should be denied in its entirety.

## I. <u>FACTUAL ALLEGATIONS FROM THE COMPLAINT</u>

Plaintiff is a citizen of Gallatin, Davidson County, Tennessee. (Complaint ("Compl."), ¶ I). Plaintiff was hired by Prometheus on February 21, 2006 and was discharged October 2, 2006. *Id*., ¶ VI. Plaintiff was hired as a Technical Sales Specialist (TSS) for the Nashville, Tennessee territory, Raleigh District. *Id*., Exhibit G. This position required Plaintiff to spend approximately 50% -70% of her time traveling throughout her assigned territory. *Id*. Plaintiff's duties required her to "call on regular and prospective customers to solicit business for pharmaceutical products and laboratory services." *Id*..

Plaintiff suffers from a seizure disorder, which causes her to have seizure episodes and which have prevented her from driving a car for periods of time. *Id*., ¶ VIII; Prometheus awarded Plaintiff short term disability prior to her termination and stated that she could apply for long term disability benefits as a result of her disability. *Id*. Exhibits C and E.

Upon notification of Plaintiff's diagnosis and restrictions, Prometheus advised Plaintiff via correspondence dated August 7, 2006 [sic], that the Company would accommodate Plaintiff's driving restrictions through September 15, 2006, by allowing Plaintiff to work with members of the Technical Service Department. *Id*., Exhibit E. Specifically, the letter provided that technical service representatives (TSRs) were going to drive Plaintiff to her appointments and Plaintiff was to train the representatives while Plaintiff performed the duties of her job. *Id*. The letter also stated that if there was no change in Plaintiff's driving status by September 15, 2006, it likely would be necessary for Prometheus to terminate Plaintiff's employment. *Id*.

Consequently, the letter provided that if Plaintiff was still on driving restrictions in mid-September, she would be placed on a leave of absence until September 22, 2006 and then her employment would terminate as of that date. *Id*. The letter further provided that thereafter Plaintiff would be eligible for Short Term Disability from the Defendant and, if necessary, Long Term Disability benefits. *Id*.

The letter also made it clear that it was Prometheus' position that Plaintiff did not qualify for benefits under the Family Medical Leave Act or California's Family Rights Act because she had only been employed for less than a year. *Id*. Therefore, the Company explained that it was not required to keep her job open. *Id*.

During the first two weeks of August, 2006, Plaintiff's husband, Jeremy Campbell, drove her to her accounts to make her sales calls. During another period of time, employee trainees of

the Defendant drove her to her sales calls while she was training them for the Defendant.

Compl., ¶ 11.

The termination letter states that " Effective October 2, 2006 your association with the company has ceased for reason of disability." Compl. Exhibit F. The original termination date of September was extended to October 2, 2006, to permit Plaintiff to apply for and receive approval for Short Term Disability. Compl., Exhibit C; Compl, ¶ VI; Answer, ¶ 12.

Plaintiffs' Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted and the Motion should be denied in its entirety.

## II. ARGUMENT

### A. <u>Standard for Granting Motion to Dismiss Under Rule 12(b)(6).</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a cognizable claim has been pleaded in the complaint. See *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Where there are no factual issues raised by the Rule 12 motion, and a claim can be disposed of on the face of the complaint, discovery is not needed, and it is appropriate for the court to dismiss the claim. See *Flaim v. Medical College of Ohio*, 418 F.3d 629, 643-44 (6th Cir. 2005).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir.2002); *Performance Contracting, Inc. v. Seaboard Surety Co.*, 163 F.3d 366, 369 (6th Cir.1998); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A plaintiff need only provide " 'a short and plain statement of the claim' that will give the defendant fair notice of

3

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The only question for the court to determine is whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." *Scheuer,* 416 U.S. at 236. Furthermore, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56" and not Rule 12(b)(6) *Swierkiewicz,* 534 U.S. at 514. The Defendant with this motion is attempting to argue matters that should be considered only pursuant to Rule 56.

In a recent decision, the United States Supreme Court stressed that, although a complaint need not plead "detailed factual allegations," the allegations presented "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Id.* at 1964-65. A claim must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988).

Under the law, Plaintiff is not required to include in her Complaint specific facts establishing the *prima facie* case of discrimination, so long as the Defendant is placed on notice of the basis of her discrimination claim. See *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The allegations in exhibits such as the EEOC charge

and DFEH charge as well as correspondence can be used to provide the required notice. *Scheid,* 859 F.2d at 436 (complaint may contain inferential allegations concerning material elements).

**B.** **Plaintiff does allege that she is Disabled Within the Meaning of the ADA; and she is not Required to Plead Facts Establishing A Prima Facie Case for Disability Discrimination Under the ADA.**

The Defendant spends a page setting forth the requirements for a prima facie case for disability discrimination under the ADA and then argues the burden shifting analysis which is not applicable to a Rule 12(b)(6) Motion. In order to establish a *prima facie* case of disability discrimination, Plaintiff must prove that: (1) she was "disabled" within the meaning of the ADA; (2) she was qualified for the position, with or without a reasonable accommodation; (3) she suffered an adverse employment decision with regard to the position at issue; and (4) the employer knew or had reason to know of her disability. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173 (6th Cir. 1996). In order to survive a summary judgment motion, a plaintiff has to show that she is "disabled" within the meaning of the statute as a "threshold requirement" for recovery under the ADA. See *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247 (6th Cir. 2005) (citing *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir. 1998) (quoting 42 U.S.C. § 12112)).

The Defendant, in its memorandum, acknowledges that Plaintiff alleges that she was terminated because (1) she had a "disability"; (2) she had a record of a disability; and (3) because Prometheus regarded her as disabled. Allegations are all that are required to survive a Rule 12 (b) (6) Motion. The only question is "was the Defendant put on notice of the basis for her discrimination claim".

**1.** **Plaintiff has alleged that she has a "disability" within the meaning of the ADA.**

Plaintiff has alleged facts to support her allegation that she was disabled within the meaning of the ADA. In her Complaint, Plaintiff states that she was diagnosed with a seizure disorder and, as a result, her physician prohibited her from driving for six (6) months. Compl., ¶ VIII; Compl. Exhibit C. Further, she states that she only had one episode of major seizures during the seven and one half (7 ½) months she was employed by Prometheus. Compl., ¶ X.

Defendant cites cases in which a seizure disorder has been held not to be a disability pursuant to the act. See _e.g., Cash v. Smith_, 231 F.3d 1301, 1306 (11th Cir. 2000). Moreover, several courts have held that driving is not a major life activity. See _Robinson v. Lockheed Martin Corp._, 2007 WL 38345, at *2 (3rd Cir. 2007) (attached to Defendant's Memorandum as Exhibit A); _Chenoweth v. Hillsborough County_, 250 F.3d 1328, 1329-30 (11th Cir. 2001); _Colwell v. Suffolk County Police Dept._, 158 F.3d 635, 643 (2nd Cir. 1998).

However, many courts have found that a seizure disorder/ epilepsy is a disability pursuant to the ADA. _Lovejoy-Wilson v. Noco Motor Fuel Inc._, 263 F.3d 208, 216 (2nd Cir. 2001) citing _LaChance v. Duffy's Draft House, Inc._, 146 F.3d 832 (11th Cir. 1998) and _Martinson v. Kinney Shoe Corp._, 104 F.3d 683 (4th Cir. 1997); _Dark v. Curry County_, 451 F.3d 1078 (C.A. 2006); and _Russso v. Sysco Food Services of Albany, LLC_, 488 F. Supp.2d 228, 235 (N.D.N.Y. 2007) [regarded as disabled under ADA due to inability with active seizures or perceived inability to fill positions "requiring the operation of all vehicles and heavy equipment constitutes a class of jobs" for the major life activity of working]. As such, Plaintiff has alleged sufficiently that she has a "disability" to put the Defendant on notice of her claim. Defendant has cited no ADA cases which require the Claimant to allege a class of jobs or the area of limitation to a

major life activity.

### 2. Plaintiff has alleged that she has a record of a disability.

Plaintiff has alleged that she has a record of disability even though she stated that had *one* seizure on July 25, 2006. Compl, ¶¶ VIII & X; Compl., Exhibit C. (emphasis added). As a result, her physician prohibited her from driving for six months. Compl., ¶ VIII; Compl., Exhibit C. For the reasons stated above, such a record does demonstrate a "disability". Accordingly, Plaintiff has alleged that there is a record of a disability. Consequently, her disability discrimination claim based on this theory should not be dismissed.

### 3. Plaintiff has alleged that she was regarded as disabled.

The Supreme Court has laid out two ways in which an individual can be "regarded as" having a disability. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). First, an employer can be under the <u>mistaken</u> belief that the employee is disabled, when in fact she is not. *Id.* Second, the employee can actually have a physical impairment, and the employer can know it, but the employer mistakenly believes that the employee is disabled because of the impairment when in fact she is not. *Id.*; See also *E.E. O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 443 (6th Cir 2006).

In *Francis v. City of Meriden,* 129 F.3d 281 (2d Cir.1997), the court explained that whether an individual is "regarded as" having a disability "turns on the employer's perception of the employee" and is therefore "a question of intent, not whether the employee has a disability." *Id.* at 284. It is not enough, however, that the employer regarded the individual as somehow

7

disabled. The plaintiff must show that the employer regarded the individual as disabled within the meaning of the ADA. See *Id.* at 285-86.

An employee claiming that she is disabled because an injury or condition substantially limits her ability to engage in the "major life activity" of working must show that she is "significantly restricted in her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable training, skills, and abilities." See *Burns*, 222 F.3d at 247 (citing *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir.1997). (quoting 29 C.F.R. § 1630.2(j)(3)(i)). Plaintiff has alleged that Prometheus regarded Plaintiff as having an impairment that substantially limited a major life activity of working. Plaintiff alleges and the company has admitted that she was disabled short term and that she was eligible to apply for long term disability.

How someone could qualify for long term disability and not be regarded as disabled from working by her employer is beyond reason. If Plaintiff has pled disability under any of the three previous headings, then she has sufficiently stated a claim under the ADA and the Defendant's Motion should be denied.

**C. Because Plaintiff Is Disabled or Was Regarded as Disabled, the Company Was Required to Provide Her With a Reasonable Accommodation.**

For the reasons outlined above, Plaintiff has alleged that she was disabled within the meaning of the ADA. Therefore, Prometheus was required to provide Plaintiff with a reasonable accommodation. Nevertheless, Plaintiff admits that when she informed the Company of her driving restrictions, the Company attempted to accommodate her. Plaintiff alleges that the Company should have accommodated her by allowing her to provide her own transportation to

8

the places she was required to go, (i.e. her husband in their private car). The contract provided for an allowance if there was no company car. Plaintiff surely alleges facts to support her contention that Prometheus was required to and/or failed to provide her with a reasonable accommodation. Plaintiff's disability discrimination claim should not be dismissed.

D. **Plaintiff's California Fair Employment And Housing Act Claim Doesn't Fail Because Plaintiff is Not a Resident of California If Any Part of the Tort Occurred in California.**

Plaintiff brings a claim for disability discrimination pursuant to the California Fair Employment And Housing Act (FEHA). Compl., ¶¶ VII, XV, & XIV. Plaintiff is a resident of Gallatin, Tennessee. *Id.*, ¶ I. Prometheus hired Plaintiff as a TSS for the Nashville, Tennessee territory. *Id.*, Exhibit G.

The Defendant relies on *Campbell v. Arco Marine, Inc.*, 50 Cal. Rptr. 2d 626, 632-633 (Cal. Ct. of App. 1996) for the proposition that FEHA is not applicable to nonresidents of California. While it is true that the legislative history of the FEHA makes it clear that it was enacted for the benefit of the citizens of California, the case goes on to state that the FEHA "should not be construed to apply to nonresidents employed outside the state <u>when the tortuous conduct did not occur in California.</u>" *Id.* (Attached to Defendant's Memorandum as Exhibit B).

Two United States District Court cases from California have examined the meaning of that language. In *Dodd-Owens v. Kyphon, Inc.* 2007 WL 420191 ( N.D. Cal. Feb. 5, 2007), the court stated:

> *If California-based employees participated in or ratified the alleged tortious conduct, the complaint must so state with specificity so that the Court can determine if these actions are sufficient to state a claim under FEHA. As in Campbell, the blanket allegation that Kyphon disseminated policies from within California is insufficient to state a claim. ... Accordingly, the Court will dismiss the second claim. The Court will*

9

> *grant Plaintiffs leave to amend to attempt to allege clearly and specifically the tortious conduct occurring in California.*

*Id* at *3  See a copy of the above case attached hereto as Exhibit "A".   In the second case, the court found that there was a material question by proof that a California resident was involved in the hiring decision when the only proof was his own testimony that he "didn't determine the final outcome." *Roger-Vasselin v. Marriot International, Inc*. 2006 WL 2038291 ( N.D. Cal. Decided July 19, 2006) a copy of which is attached hereto as Exhibit "B".  Two more unreported state cases have approved of actions by nonresidents under FEHA. In one case, in a footnote the appeals court from District Six , makes the following observation:

> *Defendant argues at the threshold that plaintiff cannot maintain FEHA causes of action because she is not a California resident, rather plaintiff is an Illinois resident who worked for defendant from Illinois. Since we disagree with plaintiff on the merits, we decline to address this question. We observe, however, that the conduct of which plaintiff complains indisputably occurred in California.  (See* Campbell v. Arco Marine, Inc. (1996) 42 Cal .App.4th 1850 *[FEHA does not apply to nonresidents employed outside the state when the tortious conduct did not occur in California].)*

*Otten v. Apple Computer, Inc.*, 2006 WL 438660 (Cal. App 6 Dist. Decided Feb. 23, 2006). A copy of which is attached hereto as Exhibit "C".  In another case, the Plaintiff was a California resident at hire but had moved more that 5 years earlier to Idaho, he was taxed as a California resident, and the decisions about his fitness were made in California and the court applied FEHA to the non-resident. *Drolla v. ChevronTexaco Corp.*, 2004 WL 2750328 ( Cal. App. 1 Dist. Decided Dec. 2, 2004).  A copy of which is attached hereto as Exhibit "D".

Plaintiff alleges that the approval of and the decision to terminate Plaintiff's employment occurred in California. Compl., ¶ VII.  Pursuant to the above United States District Court cases

and one of the California Appellate decisions, the decision to terminate alone is sufficient to bring this case under the protection of FEHA.

In addition to the employment decision, Plaintiff has alleged other ties to California:

1. Plaintiff alleges and the employment contract states that the contract was governed by California law, Compl. VII (a contract drafted by the Defendant, Prometheus);

2. Defendant had Plaintiff sign an acknowledgement as part of her contract in accord with section 2872 of the California Labor Code, Compl. Exhibit G;

3. Defendant considered Plaintiff's eligibility under the California Family Rights act for leave, Compl. Exhibit E; and

4. The company is located in California.

Even under the facts of the California Appellate Court Division 1, Plaintiff has met the requirements for coverage under FEHA.

For these reasons, Plaintiff's FEHA claim should not be dismissed.

**E.      Plaintiff's Breach of Contract Claim Doesn't Fail Because Plaintiff's Offer Letter Is  A Contract.**

Plaintiff's breach of contract allegations relate to Prometheus' alleged failure to comply with terms outlined in the Plaintiff's offer letter. Plaintiff's offer letter is a contract. The offer letter expressly states, the following:

This letter, together with your Proprietary Information and Invention Agreement and the Policies & Procedures, forms the complete and exclusive statement of the terms of your employment with the company. The employment terms in this letter supersede any other agreements or promises made to you by anyone, whether oral or written. … Please sign, date and return this letter if you wish to accept employment with the company under the terms described above.

11

Your employment with the Company is not for a guaranteed or definite period of time. Rather, your employment relationship is "at will". This means that you may terminate your employment with the Company at any time and for any reason whatsoever simply by notifying the Company. Likewise, the Company may terminate your employment at any time and for any reason whatsoever, with or without cause or advance notice. This at-will employment relationship cannot be changed except in a writing signed by the Company's President and CEO

Compl., Exhibit G. The offer letter made it clear that Plaintiff would receive bonuses under the program at the close of each quarter and that she was to be paid $75,000.00 annualized before bonuses. Accordingly, Plaintiff's breach of contract claim should not be dismissed because she relies upon a document that does constitute a contract or the terms of the contract. The Defendant cites no legal authority for the proposition with regard to the contract bonuses and as such the Complaint should not be dismissed.

### III. CONCLUSION

For the stated reasons, Prometheus' motion to dismiss should be denied in its entirety. If the Court is inclined to dismiss all or any portion of the Complaint, Plaintiff would request time to amend her Complaint.

Respectfully submitted,


s/ *John R. Jacobson*
John R. Jacobson (TN Bar No. 014365)
Bowen Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 Fax

12

GILDER, HOWELL & ASSOCIATES, P.A.

By:  /s/ Jamie W. Howell, Jr.
        Jamie W. Howell, Jr., #16361
        Attorney for Plaintiff
        P.O. Box 193
        Southaven, MS 38671
        662-349-2092

By:  /s/ Jefferson D. Gilder
        Jefferson D. Gilder, #14321
        Attorney for Plaintiff
        P.O. Box 193
        Southaven, MS 38671
        662-349-2092

13

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that service of the foregoing document was made via electronic mail using the Court's Electronic Filing System upon the following:

Charles K. Grant, Esq.
Yanika C. Smith, Esq.
**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
211 Commerce Street, Suite 1000
Nashville, TN 37201
cgrant@bakerdonelson.com
ysmith@bakerdonelson.com

this 13th day of August, 2007.


                                       _____*Jefferson D. Gilder*
                                         Jefferson D. Gilder